**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELIKE DEWEY, | No. 22-55516 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-09834-VBF-PLA |
| v. | |
| SUPERIOR COURT OF CALIFORNIA, County of Ventura; ERIK NASARENKO; ALEXA LEIBL; UNITED STATES DEPARTMENT OF JUSTICE; GAVIN NEWSOM; ROB BONTA; DOES, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted August 17, 2022[**]

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Dewey's motion for in forma pauperis status (Docket Entry No. 3) is

granted.  The Clerk will amend the docket to reflect this status.

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Melike Dewey appeals pro se from the district court's judgment dismissing for lack of subject matter jurisdiction her action alleging various claims. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

In her opening brief, Dewey fails to address the district court's basis for dismissal and has therefore waived her challenge to the district court's order. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

Contrary to Dewey's contention, the district court's order of dismissal was signed properly. *See* C.D. Cal. R. 5-4.7.3 (electronically filed court orders do not require an original signature).

We reject as meritless Dewey's contentions that the district court erred in declining to enter default judgment and violated her constitutional rights, and that the magistrate judge exceeded his jurisdiction.

Dewey's motion to expedite (Docket Entry No. 6) is denied.

**AFFIRMED.**

22-55516